IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Civil Action No. 5:11-cv-00160 FL

| | |
|---|---|
| ZIPTRONIX, INC. ) | |
| ) | |
| Plaintiff, ) | |
| ) | CONSENT PROTECTIVE ORDER |
| v. ) | |
| ) | |
| OSTENDO TECHNOLOGIES, INC. ) | |
| ) | |
| Defendant. ) | |

WHEREAS, this is a contract dispute arising from an agreement relating to the bonding of semiconductor wafers; Ziptronix alleges that it is entitled to full payment for its services but that Ostendo has refused to pay Ziptronix for amounts that are past due and owing; Ostendo alleges that Ziptronix breached the parties' agreement, causing damages to Ostendo; and each party denies the material allegations of the other party's claims;

WHEREAS, to facilitate the production and receipt of information during pre-trial discovery in the above-captioned litigation ("the Litigation") without un-necessarily shielding from interested parties and/or the general public information that is neither a "trade secret," "proprietary" nor otherwise legitimately deserving of a "confidential" designation, the parties hereto agree and stipulate, through their respective counsel, to the entry of the following Protective Order for the protection of "Confidential" Materials (as defined herein) that may be produced or otherwise disclosed during the course of this Litigation by any party or non-party, and the Court has been fully advised of the premises for this Protective Order and has found good cause for its entry.

Accordingly, IT IS HEREBY ORDERED that the terms and conditions of this Protective

Order (hereinafter, "Order") shall govern the handling of discovery materials in the Litigation:

1. **Applicability of Order**: This Order will be applicable to and govern the handling of all items or information, regardless of the medium or manner generated, including documents, depositions, deposition exhibits, interrogatory responses, responses to requests for admissions, responses to requests for production of documents, and all other discovery obtained pursuant to the Federal Rules of Civil Procedure by or from a party in connection with the Litigation (this information hereinafter referred to as "Discovery Material"). As used herein, "Producing Party" shall refer to the party that gives testimony or produces documents or other information in this Litigation, and "Receiving Party" shall refer to the party that receives such information.

2. **Designation of Material**: Any Producing Party may designate Discovery Material as "Confidential" or "Confidential – Attorneys Eyes Only" under the terms of this Order (hereinafter "Protected Material(s)") if the Producing Party in good faith reasonably believes that such Discovery Material contains non-public, confidential material as defined in sections 3 and 4 below. Discovery Material shall be designated as Protected Material prior to, or contemporaneously with, the production or disclosure of the Discovery Material. No failure or delay by a party in exercising any right, power or privilege granted in this Order, however, shall operate as a waiver of any such right, power or privilege granted in this Order. Discovery Material produced in the litigation that is not identified as Protected Material at the time of production may thereafter be identified in writing as Protected Material. Moreover, given that the parties have previously exchanged confidential information pursuant to a nondisclosure agreement, if a Producing Party produces Confidential Material of the other party without designating it as Confidential, the Receiving Party may in writing designate such Discovery Material as Confidential after it has been produced. Each party that receives such written notice

shall endeavor to retrieve any Discovery Material that may have been disseminated, shall affix the appropriate confidentiality designation to it, and shall thereafter distribute it only as allowed by this Order. No distribution prior to the receipt of such written notice shall be deemed a violation of this Order.

3. **Confidential Material**: Commercially sensitive information (regardless of how generated, stored or maintained) or tangible things not generally known to others, and that the Designating Party (i) would not normally reveal to third parties in the ordinary course of its business except in confidence, or has undertaken with others to maintain in confidence; or (ii) is protected by a right to privacy under federal or state law, or any other applicable privilege or right related to confidentiality or privacy.

4. **Confidential – Attorneys Eyes Only Material**: Information that a party believes in good faith to be a trade secret pursuant to N.C.G.S. §66-152. Nothing in this Order, however, shall bar or otherwise restrict any attorney from rendering advice to his client with respect to this Litigation and, in the course of rendering advice, referring to or relying generally on the examination of Confidential – Attorneys Eyes Only Material, so long as the attorney does not disclose the contents of any Confidential – Attorneys Eyes Only Material produced by another party if that disclosure would be contrary to the terms of this Order.

5. **Confidential Treatment**: Except as provided for below, Protected Materials shall be held in confidence by each person to whom they are disclosed, shall be used only as allowed by the terms of this Order, shall be used only for purposes of the prosecution and defense of the Litigation only, shall not be used for any business purpose or other purpose whatsoever, and shall not be shown, disseminated, copied, or otherwise disclosed to anyone not entitled to such information as herein provided. All produced Protected Materials shall be

carefully maintained so as to preclude access by persons who are not entitled to receive such information.

6.  **Disclosure of "Confidential Material"**: Protected Material designated "Confidential" shall be disclosed only to the following persons ("Qualified Persons"):

    A.  Members and employees of outside counsel of record in this Litigation whose duties and responsibilities require access to such materials;

    B.  Officers, directors, or employees of a party deemed necessary by counsel to assist in the prosecution, defense or settlement of this Litigation, but only after such persons execute an Undertaking, the form of which is attached hereto as Exhibit A ;

    C.  Outside experts and consultants (collectively, referred to herein as "Expert" or "Experts"), together with their support personnel, who are engaged or potentially engaged for the purposes of this Litigation by a party, but only after such persons execute an Undertaking, the form of which is attached hereto as Exhibit A. For purposes of this Order, an Expert shall be defined as a person who is neither an employee or consultant of a party nor anticipated to become an employee or consultant in the near future, and who is retained or employed as a bona fide expert, consultant or investigator for purposes of this Litigation only by or at the direction of counsel for a party;

    D.  Non-party witnesses, to the extent reasonably necessary to interview or examine such witnesses for the purposes of this Litigation, but only after such persons execute an Undertaking;

4

Case 5:11-cv-00160-FL   Document 16   Filed 08/12/11   Page 4 of 16

E. Court reporters and videographers, together with their support personnel, taking testimony involving Protected Material;

F. Employees of third-party contractors engaged by and working under the supervision of the parties' outside counsel, to the extent reasonably necessary to render professional services in this Litigation;

G. Any person designated by the Court in the interest of justice, upon such terms as the Court may deem proper;

H. Any person to whom the Producing Party agrees to provide a copy; and

I. The Court, jury, Court personnel and any designated Mediator.

7. **Disclosure of "Confidential – Attorneys Eyes Only Material"**: Protected Materials designated "Confidential – Attorneys Eyes Only" may only be disclosed to the persons identified in subsections A, E, F, G, H, and I in Paragraph 6 above.

8. **Designating Confidential Material**: The designation of Discovery Material as "Confidential" or "Confidential – Attorneys Eyes Only" for purposes of this Order shall be made in the following manner:

A. **Documents**: In the case of documents or other materials (apart from depositions or other pre-trial testimony), designation shall be made by affixing the legend "Confidential" or "Confidential – Attorneys Eyes Only" prominently so it appears on each page of a document, or those pages or portions of the document intended to be so designated, in a manner which will not interfere with the legibility of the document.

B. **Deposition and Other Proceedings**: In the case of depositions or other pre-trial testimony, designation of the portion of the transcript (including

5

exhibits) which contains Protected Material (i) by a statement to such effect on the record during the proceeding in which the testimony is received, or (ii) by written notice served on counsel of record in this Litigation within thirty (30) days after the receipt of the draft transcript of such proceeding. All deposition transcripts will be treated as "Confidential" for thirty (30) days after the receipt of the draft transcript of such proceeding.

C. **Non-Written Materials**: Any non-written Protected Material (e.g., videotape, audio tape, computer disk, etc.) may be designated as such by labeling the outside of such non-written material designated as "Confidential" or "Confidential – Attorneys Eyes Only." In the event a Receiving Party generates any "hard copy" transcription or printout from any such designated non-written materials, the party who generates such "hard copy" transcription shall take reasonable steps to maintain the appropriate confidentiality of such materials.

9. **Inadvertent Disclosure**: The inadvertent failure to designate Discovery Material as Protected Material with one of the permitted designations does not constitute a waiver of such claim and may be remedied by prompt supplemental written notice upon discovery of the inadvertent disclosure, with the effect that such Discovery Material will be subject to the protections of this Order. The Receiving Party shall exercise good faith efforts to ensure that copies it makes of Discovery Material produced to it, and copies made by others who obtained such Discovery Material directly or indirectly from the Receiving Party, include the appropriate confidentiality legend, to the same extent that the Discovery Material has been marked with the

appropriate confidentiality legend by the Producing Party.

10. **Notes of Protected Material**: Any notes, lists, memoranda, indices, compilations prepared or based on an examination of Protected Material that quote from or paraphrase such material with such specificity that the material can be identified, or by reasonable logical extension can be identified, shall be accorded the same status of confidentiality as the underlying Protected Material from which they are made and shall be subject to all of the terms of this Order.

11. **Notice To Non-Parties**: Any party issuing a subpoena to a non-party shall enclose a copy of this Order with a request that, within fourteen (14) days, the non-party either request the protection of this Order or notify the issuing party that the non-party does not need the protection of this Order or wishes to seek different protection. A non-party that receives a subpoena requiring the production of a party's Protected Material may authorize such party to designate the subpoenaed materials on the non-party's behalf prior to production.

12. **Use of Discovery Material**: Discovery Material shall be used solely for purposes of the Litigation, including any appeal and retrial. Any person or entity in possession of Discovery Material designated as Protected Material shall maintain those materials in accordance with Paragraph 24 below.

13. **Use of Protected Information in Court Proceedings**: Before filing any Protected Material with the Court, or any pleadings, motions or other papers that disclose any such information, counsel shall confer with counsel for the Producing Party about how it should be filed. If the party that designated the Protected Material desires that the materials be filed under seal, then the filing party shall file the materials in accordance with paragraph 13, with notice served upon the Producing Party. The filing of the materials under seal shall not be

binding on the Court, however.  Within ten (10) days of service of such notice, the party desiring that the materials be maintained under seal shall file with the Court a Motion to Seal and supporting memorandum in accordance with paragraph 12.  The party that initially filed the materials need not file any such Motion to Seal or otherwise defend another party's desire that the materials remain sealed.  The Court may grant the Motion to Seal only after providing adequate notice to the public and opportunity for interested parties to object, after carefully weighing the interests advanced by the movant and those interests favoring public access to judicial documents and records and upon finding that the interests advanced by the movant override any common law or constitutional right of public access which may attach to the information.  Documents submitted under seal in accordance with this paragraph will remain under seal pending the Court's ruling.  If the party desiring that the information be maintained under seal does not timely file a Motion to Seal, then the materials will be deemed unsealed, without need for order of the Court.

14. **Motions to Seal**:  Each time a party seeks to file under seal confidential documents, things, and/or information, said party shall accompany the request with a motion to seal and a supporting memorandum of law specifying (a) the exact documents, things, and/or information, or portions thereof, for which filing under seal is requested; (b) where it is necessary for the court to determine the source of the public's right to access before a request to seal may be evaluated, whether any such request to seal seeks to overcome the common law or the First Amendment presumption to access; (c) the specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interests in access; (d) the reasons why alternatives to sealing are inadequate; and (e) whether there is

8

consent to the motion. Finally, in addition to the motion and supporting memorandum, said party must set out such findings in a proposed order to seal for the court.

15. **Procedure for Filing under Seal**: When a party seeks to file Protected Material, including confidential portions of any transcript, a party shall submit such materials to the court pursuant to Section T of the court's Electronic Case Filing Administrative Policies and Procedures Manual regarding how to file and serve sealed documents through the court's Case Management / Electronic Case Filing system.

16. **Subpoena by Other Courts or Agencies**: If any third party subpoenas or seeks access to or production of Protected Material which a party has obtained under the terms of this Order, the party in receipt of the subpoena or request shall promptly notify the party or other person who designated the document or information as Protected Material of the pendency of such subpoena, and the party from whom discovery is sought shall reasonably cooperate with the Producing Party's efforts to maintain the confidentiality of the Protected Material.

17. **No Prejudice**: Agreeing to be bound by this Order shall not:

    A.    Prejudice in any way the rights of the parties to object to the production of documents they consider not subject to discovery, or operate as an admission by any party that the restrictions and procedures set forth herein constitute adequate protection for any particular information deemed by any party to be Protected Material;

    B.    Prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony or other evidence subject to this Order;

    C.    Prejudice in any way the rights of a party to seek a determination by the

Court whether any Protected Material should be subject to the terms of this Order;

D. Prejudice in any way the rights of a party to petition the Court for a protective order relating to any purportedly confidential information; or

E. Prevent a party from authorizing disclosure of its own Protected Material to any party.

18. **Challenging Designation of Materials**: A party shall not be obligated to challenge the propriety of a Protected Material designation at the time made, and failure to do so shall not preclude a subsequent challenge thereto during the pendency of this Litigation.

A. Challenge: A party may challenge the propriety of a Protected Material designation by providing to Producing Party a writing which briefly: (i) identifies with reasonable particularity the documents and/or information which are the subject of the challenge; and (ii) describes the basic legal or factual grounds for the challenge.

B. Meet and Confer and Motion: Once a challenge is made, the Producing Party will bear the burden of (i) initiating and conducting a sufficient meet and confer, and (ii) if the dispute is not resolved within twenty-one (21) days of the date the challenge is made, of filing a motion with the Court to maintain the designation. A Producing Party's failure to file a motion within the twenty-one (21) day limit waives the Producing Party's right to designate the challenged material as "Confidential" or "Confidential – Attorneys Eyes Only." The Producing Party will bear the burdens of proof and persuasion if the Producing Party moves for a Court order to

10

maintain the challenged designation(s). The challenging party must make de-designation requests in good faith.

  C. Status of Challenged Designation Pending Judicial Determination: Until the court rules on the timely filed Motion to maintain designations, all parties shall continue to afford the material in question the protection to which it is entitled under the Producing Party's designation.

19. **No Application to Public or Otherwise Available Information**: This Order shall not limit or restrict a Receiving Party's use of information that the Receiving Party can demonstrate: (i) was lawfully in the Receiving Party's possession prior to such information being designated as Protected Material in the Litigation and that the Receiving Party is not otherwise obligated to treat as confidential; (ii) was obtained without any benefit or use of Protected Material from a third party having the right to disclose such information to the Receiving Party without restriction or obligation of confidentiality; (iii) was independently developed by it after the time of disclosure by personnel who did not have access to the Producing Party's Protected Material; or (iv) has been published to the general public. If the Receiving Party believes that the Producing Party has designated information that is covered by any of the preceding categories (i – iv) as Protected Material, the Receiving Party shall challenge the propriety of such designation using the procedure outlined above. Any challenged designation remains in force until the propriety of such designation has been decided as outlined above.

20. **No Waiver of Privilege**: Inadvertent disclosure (including production) of information that a party or non-party later claims should not have been disclosed because of a privilege, including, but not limited to, the attorney-client privilege or work product doctrine

11

("Privileged Information"), shall not constitute a waiver of, or estoppel as to, any claim of attorney-client privilege, attorney work-product, or other ground for withholding production as to which the Producing Party would be entitled in the Litigation or any other federal or state proceeding. Upon discovery by a Producing Party (or upon receipt of notice from another party) that he/she/it may have inadvertently produced Privileged Information, the Producing Party shall, within ten (10) days of such discovery, request the return of such information in writing by identifying the Privileged Information and stating the basis on which the Privileged Information should be withheld from production. After being notified, all other parties must promptly return, sequester, or destroy the Privileged Information and any copies he/she/it has; must not use or disclose the information until the claim is resolved; and must take reasonable steps to retrieve the Privileged Information if he/she/it disclosed the Privileged Information before being notified. If any party disputes the privilege claim ("Objecting Party"), that Objecting Party shall notify the Producing Party of the dispute and the basis therefore in writing within thirty (30) days of receipt of the request for the return of the Privileged Information. The Parties thereafter shall meet and confer in good faith regarding the disputed claim within thirty (30) days. In the event that the Parties do not resolve their dispute, either Party may bring a motion for a determination of whether a privilege applies. If such a motion is made, the Producing Party shall submit to the Court for *in camera* review under seal a copy of the disputed information in connection with its motion papers. The submission to the Court shall not constitute a waiver of any privilege or protection. The Producing Party must preserve the information claimed to be privileged or otherwise protected until the claim is resolved.

Except as expressly set forth herein, nothing in this provision shall limit the bases on which the Objecting Party may challenge the assertion of any privilege or protection by the

12

Producing Party. In addition, nothing in this provision shall permit the Producing Party to seek to withhold or "claw back" a previously-produced document in this Litigation if that document was the subject of deposition testimony in this Litigation and the Producing Party did not provide notice, as described above within ten (10) days after the deposition that the document was privileged or protected and should be returned.

21. **Privilege Log.** For the purposes of producing a privilege log to identify materials subject to work-product protection, the attorney-client privilege or other legal privilege that protects information from discovery, the parties agree that materials dated on or after March 8, 2011 that were exchanged solely between one or more representatives of a Party, each of whom is entitled to the protections of attorney-client privilege, and that Party's legal counsel do not need to be disclosed.

22. **Order Remains In Force:** This Order shall remain in force and effect until modified, superseded, or terminated by consent of the parties or by order of the Court made upon reasonable written notice. Unless otherwise ordered, or agreed upon by the parties, this Order shall survive the termination of this action. The Court retains jurisdiction even after termination of this action to enforce this Order and to make such amendments, modifications, deletions and additions to this Order as the Court may from time to time deem appropriate.

23. **No Prejudice For Further Relief**: This Order is without prejudice to the right of any party to seek other or further relief from the Court.

24. **Conclusion of Litigation**: Within ninety (90) days after receiving notice of the entry of an order, judgment or decree finally disposing of this Litigation, all persons having received Protected Material shall either return such material and all copies thereof to counsel for the Producing Party, or destroy all such Protected Material and, in either case, certify that fact to

13

Case 5:11-cv-00160-FL   Document 16   Filed 08/12/11   Page 13 of 16

counsel for the Producing Party. Counsel of record shall make arrangements for the return of Protected Material that counsel of record provided to any persons or entities, except the Court, court personnel and court reporters. Outside counsel of record for the parties shall be entitled to retain court papers, depositions, trial transcripts and attorney work product, provided that such outside counsel of record shall not disclose Protected Material to any person except pursuant to a court order or agreement with the Producing Party. All material returned to the parties or their counsel by the Court shall likewise be disposed of in accordance with this paragraph.

25. **No Loss of Status by Use in Litigation or Appeal**: In the event that any Protected Material is used in any court proceeding in this Litigation or any appeal therefrom, such material shall not lose its status as Protected Material through such use. Counsel shall comply with all applicable local rules and shall confer on such procedures that are necessary to protect the confidentially of any documents, information and transcripts used in the course of any court proceedings, including petitioning the Court to close the court room.

26. **Redaction Allowed**: Any Producing Party may redact from the documents and things it produced matter that the Producing Party claims is subject to attorney-client privilege, work product immunity, a legal prohibition against disclosure, or any other privilege or immunity. The Producing Party shall mark each thing where matter has been redacted with a legend stating "REDACTED," as appropriate, or a comparable notice and shall be accompanied by a separate disclosure stating the basis for the redaction. Where a document consists of more than one page, at least each page on which information has been redacted shall be so marked. The Producing Party shall preserve an unredacted version of each such document.

27. **Violations of Order**: In the event that any person or party should violate the terms of this Order, the aggrieved Producing Party should apply to the Court to obtain relief

14

against any such person or party violating or threatening to violate any of the terms of this Order. In the event that the aggrieved Producing Party seeks injunctive relief, it must petition the Court for such relief, which may be granted at the sole discretion of the Court. The parties and any other person subject to the terms of this Order agree that this Court shall retain jurisdiction over it and them for the purpose of enforcing this Order.

28. **Governing Law:** The provisions of this Order are governed by, and should be construed in accordance with, North Carolina law.

29. **Headings**: The headings herein are provided only for the convenience of the parties, and are not intended to define or limit the scope of the express terms of this Order.

Dated: August 4, 2011

OSTENDO TECHNOLOGIES, INC.      ZIPTRONIX, INC.

/s/ Jeffrey A. Long      /s/ Jang H. Jo
Jeffrey A. Long      Jang H. Jo
NC State Bar No. 28645      NC State Bar No. 35686
BRAY & LONG, PLLC      Smith, Anderson, Blount, Dorsett, Mitchell &
2820 Selwyn Ave., Suite 400      Jernigan, L.L.P.
Charlotte, NC 28209      2500 Wachovia Capital Center
     150 Fayetteville Street
*Attorney for Defendant*      Raleigh, NC 27601
     *Attorneys for Plaintiff*

This the 12th day of    August   , 2011.

_____
Louise W. Flanagan
United States District Court Judge

"EXHIBIT A"

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Civil Action No. 5:11-cv-00160 FL

| | |
|---|---|
| ZIPTRONIX, INC. | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| OSTENDO TECHNOLOGIES, INC. | ) |
| | ) |
| Defendant. | ) |

I, _____, hereby acknowledge that I have received a copy of the Protective Order entered in this action (Case No. 5:11-cv-00160 FL) by United States District Court Judge Louis W. Flanagan (hereinafter, "the Protective Order").

I have either read the Consent Protective Order or have had the terms of the Protective Order explained to me by my attorney. I understand the terms of the Protective Order and agree to comply with and to be bound by such terms.

If I receive documents or information designated as Protected Material, (as those terms are defined in the Protective Order), I understand that such information is provided to me pursuant to the terms and restrictions of the Protective Order.

I agree to hold in confidence and not further disclose or use for any purpose (other than is permitted by the Protective Order) any information disclosed to me pursuant to the terms of the Protective Order.

I hereby submit myself to the jurisdiction of the United States District Court for the Eastern District of North Carolina for resolution of any matters pertaining to the Protective Order.

Printed Name:
Employer / Title:
Address:
Phone number:


Dated: _____

Signed: _____